May it please the Court, Kenneth Yoon representing plaintiffs Hamilton and Hernandez in Class Counsel. Your Honor, there are several issues as the Court just noted. The first issue is the meal period. There's two issues there, certification and the jury's verdict. There is the overtime issue which is primarily the defense of the alternative work week. There is then some lesser issues that I would like to also cover such as the waiting time penalty issue, the individual claims being dismissed issue, the wage statement issue, pre-judgment interest, and SEPAGA. All right well since you're unlikely to get to all of that it would be nice to know what you're going to concentrate on. I'm going to concentrate on meals and then the alternative work week and I'd like to there's a few points I have really one point or two each of the other issues some none I think the papers do speak for themselves. On the meal period issue I think this is something that's important because I don't think it was as well emphasized by either of the parties is that the standard for an appeal from a certification of a class action based upon California state law is that an abuse of discretion and the cross-appellant is arguing that the certification order is based upon the wrong reading of the law but that's not even the action in federal court based upon California state law. What the district court was charged to do is to apply California law as the court believes the California Supreme Court would apply the law and that's exactly that's true as as to the class action question. Well the law is a procedural question. It's a procedural question as to what law to apply. The meal break law should be read from the point of view of the California Supreme Court's interpretation. Well that part's true that's true but but it's a legal question. I mean abuse of discretion always incorporates a prong of legally incorrect because legally incorrect is abuse of discretion so we're back in the same place. Except that the except that the California Supreme Court is very clear on what it believes the reading of the California labor code is. Well that's fine so we're just discussing a legal issue so let's do that. So on that issue the California Supreme Court and the district court following Brinker says the standard for meal breaks and the court literally almost literally copied verbatim the Brinker decision with respect to the jury instruction and how it seems if it's the not impede or discourage that's kind of confusing things because that suggests that something does something if if the time period is under the employer's control is that is there something else that has to be shown in terms of not impede or discourage the the the employer here is saying well nobody many people weren't impeded or discouraged and therefore you can't have a class because they actually went ahead and took the time but my understanding of your argument is that the time they took was not an uninterrupted 30-minute break because they still had to spend time getting back in. I think that's what we're saying but what we're saying is more class-based because it's the existence defendants the employer here sets forth the procedure for how they are going to handle the employee's meal breaks and we're saying that the entire procedure had a class issue that impeded or discouraged the full provision of the meal break that the employers required to provide and that the common issues were the security check how that worked how that was a condition etc the facts of the security check which are not in dispute the facts of the security check are undisputed the effects of the security check why why does why does it matter whether people were discouraged from taking their break if the break they took was not the full 30 minutes I'm sort of bouncing off the other case if they had to spend time in the security checks and therefore which which was part of the 30-minute break then they weren't getting a 30-minute break and why are we worrying about these whether they actually took the time went outside or didn't go outside that's that's walmart that's that's the defendant's point of but you're buying into this and peter discouraged as a separate consideration as I understand it well maybe well I apologize if I haven't if we haven't been as clear but the law in Brinker and which is the law from the jury instruction and the law that the court based upon its ruling is that the the employer's obligation to provide a meal period to its employees and that's the law the employer has an obligation to provide and then Brinker says further the employer satisfies this obligation if it relieves its employees of all duty relinquish control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break counsel can I can I stop you I've just got a I've got a procedural question here didn't didn't you win on this issue we did well why are you starting with an issue on which you won that this is the subject of walmart's cross appeal it's not your appeal you're you're defending this judgment I that I I'm I've completely thrown off that you would take your time and start with what you won congratulations thank you your honor um we start with this because um well I understand your honor you're you're defending something that walmart hasn't yet argued on oral argument yet what what you do what you do want to argue about is whether the district court properly denied you the pre that that is procedurally I understand the course point in the confusion I'm apologizing uh if it's if I because I have uh the appellate we are the appellee on that issue I understand the court's uh confusion on that I'll just I just want to make a couple points and that's that's that's one of the facts then on the merits of the decision of the trial court uh the jury is that they found 100 violation right but then let me move on to the alternative work week and then pre-judgment interest in terms of the alternative work week defense we think that the the elements of the claim are fairly simple and I'd like to focus on well they're not very livable the elements of the claim are complex and are very many and there is not a tremendous amount of california supreme court law on these elements but the two elements I'd like to focus on are the effects how the disclosure by the employer to institute an alternative work week requires a disclosure in writing to all the affected employees and the effects of the aws on the wages hours and benefits on the sick pay the employer's disclosure said there is no effect but the effect was that the employees who said yes to a three and eleven and a quarter hour schedule three days eleven and quarter hours a day was that they would now have 2.13 days of sick rather than three full days of and they were told that they would have 24 hours so it was just a question of how much that was right well that's your complaint seems to be that this 24 hours was illegal but they should have had three days and but that's a different issue that's a different challenge it's not this one well I think it is part of this challenge I disagree respectfully but there's two points first that's the second point yes it should have been more time and that now the alternative work week will serve to give the employees less time than they're legally entitled to but not less time than they had before and not they were told how much time they would have and it was correct that was how much time they had actually ended up getting more time um in the end but um we ended up with 30 hours as I understand well still still insufficient but the primary issue on this is that the alternative work week schedule is not a simple plain we're going to do this it'll be easy the the reason for this disclosure is because there are unforeseen especially by lay employees not wage and hour lawyers not HR professionals so are you arguing that they had to do the math and say that's 2.25 days is that your argument or that they had to say and actually uh and if we this is an illegal work um requirement because uh benefit because we're really supposed to be giving you 30 days well what are you saying they should have done on the first point the second point is is similar to the court just mentioned second one but the first point is this they should have the employer should have disclosed by voting on an alternative work week of three days and 11.25 hours a day you will be getting fewer days of sick than you were without the alternative work week and you will get 2.13 days that's how it will affect your affect your benefits your benefits will be affected in that way and it's not obvious it's not obvious to an employee who's been working a schedule and then that a future schedule will change that benefit in that way which now means that they won't have the opportunity to take three full days of sick and instead if they need to take obvious that if you have 11 hour days and you get 24 hours of sick leave that you don't get three full days because the employer's disclosure said there's no change the disclosure says no change you still get you still get 24 hours of sick leave that's not a change but and your your clients surely should have been sophisticated enough to to to have understood that with very simple math that 24 hours wasn't this wasn't going to cover three days of work at 11 at 11.25 11.25 hours a day well first i use the word change but the law uses the word explain the disclose the effect this is an effect whether the whether the employer says it's not a change or is it changed this is an effect this will affect your rights you're different because i want to make sure i understand where we are in the outline you lost on this one before the jury yes is that correct and then you filed the jmol so you're you're arguing here that the jury had no discretion and had to find in favor of your client and therefore the district court was in error by not granting you a post a post judgment motion i don't know if i use those words but we would ask this court to correct the but we're going to correct proceeding we're going to override that takes quite a bit admittedly your honor the the procedural posture that you have just set forth is the procedural posture that we are in and that's the request that we have and we're saying that because what i'd like to hear about are the pocket issues uh i i i i have i would like to reserve three minutes i have five i think i can accept the time all right well go ahead and do what you want i'm telling you what i'd like to hear again yes um on the there are a couple of other issues alternative work week on this and the next one is that we believe that in order to comply with the law the defendant has to meet its burden to show what the alternatives to the alternatives the employees can't understand the effects of the alternative unless they know what their alternative is if they say no and here the defendants expressly said that whatever schedule you're on now is not going to be your future schedule so it's impossible for the voters to have known how that would have affected them because they don't know what the alternative is they don't have an idea of what's going to happen if they know in that sense there just wasn't enough evidence and the jury didn't necessarily get it wrong but the jury in the sense of this sense is the jury didn't factor in the strictness of the rule because did you argue this to the jury did you argue to the jury um that the about the 24 and 30 days did you argue to the jury um that this was uh that they should have had to give you the current schedule i believe we did yes your honor all right so it was rejected by the jury well it was presumably was rejected by the jury but at the same time though evidence wasn't there in the first place uh the final point i'd like to make is that there's an employee who didn't get the vote and who didn't get a vote and didn't get a disclosure miss schwartz and the evidence that was supported that that this that the employer used to support we believe is insufficient evidence that the jury couldn't have relied upon he shouldn't have relied upon and on that basis it should be overturned now then there's another issue here which is respect for the alternative work because our inability to bring in evidence and i'll skip to the main one which is we had an employee who said he showed us the work on the day of the vote and he was turned away the court thought that that person suggested that fact suggested foul play the standard here is arbitrary and well one of the standards here is arbitrariness and we think it's arbitrary that the judge that the trial court thought it was foul play and then denied us the ability to introduce foul play at the trial court proceeding we think that that as long as as well the other 33 people who were to start work the day after the vote would have been important would have that denial of evidence prejudiced our ability to argue this issue to the jury and on that point we should have another opportunity with respect to the prejudgment interest uh with respect to prejudgment interest we're asking for seven the law is very clear now seven percent for yield break claims like ours it wasn't that clear until september 2019 we filed 28 days after judgment we filed for the seven percent on 10 12 i'm sorry 10 to 2019 the judgment was 9 for 2019 we're within the 28 days and the fact that well and there is a dispute as to the briefing before that it's in the papers with respect to the waiting time penalty the court if the court is finding if the district court finds a lack of subject matter jurisdiction lack of article 3 scanning the remedy is to remand is the court's not with without jurisdiction to enter into a judgment against the plaintiff on that point on the individual claim our client the waiting time penalties depends on um yes okay on the individual claim there's a timing issue here and the court made an error we never dismissed or we never stated we are not seeking the individual overtime claim for the walking time and the security check time that was decertified on march 4th the conversations referenced occurred before then we didn't in anticipation or do a contingent future dismissal contingent future waiver we in order to waive a claim it needs to be knowing and intentional that's not what happened here it's just error these conversations were in meet and confirms is that what they were yes and they weren't memorialized anywhere they're not in any status report or anything else right correct oh no that i believe that it's it may be in the final pre-trial conference order which predates the decertification order okay on the wage statement um i'm sorry on the pocket claim your honor um the the court found that um against us on the pocket claim and dismissed that from the outset of the case on that point we believe that the pog is a different animal than a typical claim and that the disclosure was sufficient the disclosure is very simple the number of work weeks are are presented in the expert report the the fact that the amount of damages that we would request are in the expert report and there was sufficient evidence for the descendant and plaintiff to try the case based upon those numbers so do you just you yeah so the problem was the district court said you didn't satisfy rule 26 and it looks like it was just a much uh how much you were going to claim for for each claim and multiplying it by whatever number of claims or plaintiffs you had now did you do that i don't believe we did the final mathematical computation on the pog or the way it's a set now the the the fine is is a set amount right yes and you had the number of hours in an expert report it's not an hour's base it's a work week base or the pay period base rather so we had the the penalty is a fixed amount per work or per pay period for paycheck okay and you had that you had that somewhere in an expert report yes your honor we did all right so basically and also what does the rule say it talks about damages right the rule talks about damages and this is a little bit what's that a little bit different it's not damages yes that's correct that's our position yes your honor all right what about the class action issues which are the ones that interest me and what you don't want to talk about my understanding is that the district judge said that it had to be certified as a class um and uh and wasn't manageable anyway is that right uh the pog claims yes the district court applied class action standards to the pog claim which expressly doesn't have that yes your honor and it's separately though in terms of manageability uh it's it's very largely derivative and the manageability of the actual claim was managed fairly well so in hindsight we can see that i believe it's manageable all right um you are down to 57 seconds i'll give you an additional minute um do you want to reserve the rest thank you your honor miss evangelist may it please the court dna evangelist for walmart i'd like to begin with walmart's appeal on the meal break discouragement claim and then i'll turn to the issues in plaintiff's appeal what tell me why you're creating it as if it's a subjective individualized standard but if the meal break requires you to go through a security check and that takes you know more than zero amount of time and it's under the control of the employer why isn't that the end of the story why do we have to worry about whether people would or wouldn't have taken the break or were annoyed by it or whatever your honor i'll i think we should start with plaintiff's theory of this case which is i'd like to hear the answer to that question i guess a legal question as a legal matter yes as a legal matter brinker says that the of all duty and to provide the break not ensure that it's done and that they cannot discourage or impede the taking of that break but that's the extent of it and what brinker cited for the cases that it discussed in this section of the opinion at 10 40 is jimez siqueiros and built those were cases where there was evidence strong evidence that employees were prevented from taking breaks and that there was an actual discouragement where they didn't take the breaks here the theory is not but those were in situations where for example there were they had too much work to do or they were had to stay in the telephone or whatever right here we're talking about a situation in which some amount of the time for the break is being taken up by having to go through security check so it's a different kind of circumstance it's not simply a difficult to take the break it's taking up some of the time during the break and i don't understand why would i just finished at that point well actually your honor here the evidence showed that at most times there were 0.0 seconds to go through this very minimal i mean i mean it's possible it doesn't take no time to do something that was actually plaintiff's expert report and i will point the court to page 17 15 of the excerpts of record where he examined the busiest times and even he found that six out of the eight times that were the busiest times a day that he examined the time it took zero seconds it was a simple metal detector walk through was only when employees went out to brace and they had a five minute grace period that is on page 918 of the excerpts of record there's undisputed evidence at trial about that grace period so that's what takes this really out of the realm of the cases the plaintiffs are relying on where there were very long security checks like in the apple case that was discussed also in the prior um argument there there were allegations that a that a security check took up to 45 minutes this is a general structural feature of the workplace at this facility in chino that was not in any way aimed at meal breaks and the expert said six out of eight what are the other two out of eight um the uh other two out of eight times were 0.02 seconds and the other time was 1.6 seconds and all of this all of this evidence was presented to the jury right no your honor this was at class certification so we're talking about the certification of this claim and why there was no evidence that on a class-wide basis people were actually discouraged or impeded from taking their so the whole theory here was not an off it was not a compensable time theory it was that this security check was a discouragement and the evidence at trial was again the five-minute grace period and we have four plaintiffs testify and from their testimony half of them said that they went outside they were not discouraged from going outside so we know that this was not a situation where um where there was class-wide evidence no common proof of any kind and i do want to point to this court's decision in dealing on versus time warner that's an incredibly important case here there there was a policy to finish calls before going on meal break the plaintiff alleged that because of that policy he did not take his meal breaks now the court didn't just stop there it didn't accept that on its face it looked at the evidence and said well actually in effect he didn't go on his breaks because it could have been that but it could have been also his own choice there's no evidence to show that the reason he skipped his break was because of that employer policy there is evidence here to show that some people said it was because of i'm sorry some people did say that the reason they didn't um leave the premises was because of the insecurity check that's correct your honor ms hernandez and and plaintiff cabrera said that so there was split testimony at trial but of course hernandez and cabrera's experience can't be extrapolated to the entire class we know because hamilton and vidiana did go outside and the court can just look at um it's supplemental excerpts of records did they testify that they went outside every day um hamilton went outside um almost i believe almost every day except for the first day when uh when she didn't and she said she took her break outside uh most of the time um and and there was some conflict between her deposition testimony and trial testimony but she went out most of the time vidiana said i was never stopped from going outside not a single time did i feel i couldn't go outside so we know that there were break room amenities there was extensive testimony about that as well where there were cell phone chargers air conditioning and other amenities in the break room so what we have here is no dispute over the fact that walmart authorized and provided meal breaks and there's no dispute that employees got the full time of their breaks what the plaintiff's theory is is that going through the security check on the way out was enough of a discouragement on a class-wide basis such that everybody here suffered a violation but of course we know excuse me was it only on the way out or also on the way in it was only on the way out so they would go out and on the way and they did not have to go through it but this that alone discouraged people but we know there was a five minute grace period and we know that the high watermark what is that i'm sorry what exactly does that mean it means that employees uh had a five minute so they had a 30 minute meal break but they had an extra five minutes it was a grace period so it was really 35 minutes that you know that they could come back in but we know from plaintiff's own expert testimony that the high watermark of wait times was about one uh you know one minute um it was a matter of zero seconds in most cases so it's really um not at all the case here that this was any sort of objectively discouraging uh policy and so where you have a feature of the workplace your honor to accept plaintiff's theory would would really invite a slippery slope one can only imagine that placing a cafeteria on one side of a um of an office park or perhaps a long elevator ride any of those but then you're getting to the merits as i understand it here if when you get to the merits you have the problem that the jury found whatever it found right well we think your honor that here there's a class certification problem i know but so that argument the one that you're making now uh is um is a merits argument it's not a class certification argument but we need to understand our cases and what about the zones well in that situation it would be the same problem where there might be that one employee who said i was discouraged by it you'd have to weigh all the evidence but this is anything imposed by the employer that's this is what we discussed in the other case well it would be imposed by the employer in the sense that it was a structural feature of the workplace but even just putting those all aside here we have a very um again it was a minor inconvenience for some but this is not the sort of thing that in practice resulted in actual discouragement on a class-wide basis and we know that there are individuals within this class who suffered no violation and no injury for example mr vidiana so under this court's decision in oleen as well as ramirez versus trans union it would be improper to allow this verdict this class-wide verdict to stand where we know that this sweeps in uninjured members so we know that these individuals were not in any way uh injured and under this court's decision in delay on for example i think summary judgment would have been granted to uh to walmart and based on all the the effects on the individual this is not a case plaintiff cited some cases your honor where in bradley and falconberry for example there was a policy that facially violated the meal break laws that is totally distinguishable from what we have here this is a practice that on its face doesn't violate anything you have to look at in practice whether it resulted in discouragement and bringer used the language um it said that in these cases to caros dilton james there was evidence the evidence showed that the policy made it extremely difficult to take breaks that's at page 10 40 of bringer so again we have to look at did this feature make it or policy make it extremely difficult for everyone in this class to uh to take their their break outside with no the time of their breaks but did it discourage them so much so we believe that certainly at a minimum this should be decertified because there was no common proof that every single person in the class was so discouraged so i uh and and i will turn um and your honor i do believe that there's also uh we should be granted judgment as a matter of law because plaintiffs didn't meet their burden of class-wide proof under amgen that would be appropriate but at a minimum i i think that it it is at a minimum necessary to decertify the class so i do want to uh mention that i can turn next to plaintiffs appeal unless the court has further questions yes please thank you so on the alternative work schedule implementation um here the jury found by a for implementing the alternative work schedule that's supported by ample substantial evidence and it should be affirmed i am happy to answer any questions that the court has about that in particular but i think uh judge berzon judge bivy you are exactly right that um the hours of sick leave were 24 hours before and after there was no change and in fact walmart always calculated sick leave in hours um and that's uh testimony at trial on page 928 that was the way walmart always calculated and offered sick leave so of course that did not change it was still 24 hours before and after and even later on it went up so um i i would be happy to answer any questions about that but i also wanted to leave time to address the paga claim because your honor had questions about that i can turn to that next okay thank you thank you your honor so first um the district court um correctly held that plaintiffs um had failed to disclose the calculation of paga penalties and first of all these are not damages they're penalties right that is right your honor and why do they have to be disclosed under the advisory committee notes of rule 26 it says that it applies to damages and quote other monetary relief that's within monetary relief either as a penalty it is monetary uh relief your honor and that it's a monetary but it's not relief well i i would argue that it that it is uh relief and the district court was correct here in finding that plaintiffs had not disclosed anything and here um they did apparently did they not disclose uh the number of um what's what's what's the metric here it's days or um what what is the metric that that paga uses well your honor it would you would have to look at whether there was a violation in each pay period so it isn't just a matter of so they did they did they have any information as to what paper is i mean papers they were talking about they claim that their experts report included this information but again um their expert didn't actually do this math there were the input didn't do the math it didn't multiply the number of pay periods by the the amount of the fine but the fines is that amount so what's the problem well the problem your honor is that you'd have to look at whether there was a violation in each pay period and what was their um theory but it's not our our job to do the math and reverse engineer the fact that you have to multiply the number of pay periods by a thousand is it means that they didn't disclose it well the district court found that they did not properly disclose it your honor and i think the district court did not abuse its discretion this is a discretionary determination by the district court and plaintiffs do not on appeal challenge the appropriateness of the sanction that the district court applied under rule 37 so that is waived um and uh it i believe here the district court was well within its discretion um to hold that plaintiffs had not um preserved this and i can i can address other questions that the court had as well about the paga claim but i think that is the fundamental reason here why plaintiffs were not a tell us how you're prejudiced what what what figures didn't you get well your honor we're prejudiced because again this is not a simple calculation you do have to see what plaintiffs are alleging is a violation in each uh pay period and for the off the clock claim for example um where we know that there was evidence that there was 0.0 seconds wait for many they had no measure of how they were going to determine whether someone actually worked off the clock how they were but they gave you and i mean you can contest whether those were violations but they the experts did say what how many pay periods they thought they were oh shoot oh i'm sorry i just went off for a minute did the expert what was in the expert report um is there a claim as to analog as to what how many paper is there a violation zone i believe so your honor and and and then after that unlike the usual damages situation where you have to have damages connected to each of those for individual people and based on pay rates and so on here after you know that you basically have the answer is that right well no that's what they're claiming all the rule 26 requires is that they tell you what they're claiming well your honor there is a separate problem that i want to flag for the court as well and that plaintiff said they were not going to pursue paga claims for any uncertified claims so that was a second reason why the district said that before this this as to the uncertified claims that were uncertified when they said well your honor walmart argued that the paga claims were unmanageable and therefore could not proceed and plaintiffs said don't worry about that we're not going to pursue any paga claims for any uncertified claims the district court therefore did not entertain any of walmart's arguments on that because it agreed it believed plaintiffs and the district court and walmart were lulled into believing that they were not going to pursue any paga claims for any uncertified claims and the district court heard that the district court was there and it was managing this trial throughout and it was not an abuse of discretion for it to understand plaintiff's position to be that way and plaintiffs made an about face on the eve of trial and the district court was right to to say and i don't think the district court decertified the class of the on the eve of trial um actually well i'm talking your honor about the off the clock claim and for the off the clock claim that was decertified excuse me yeah it was decertified and the plaintiffs have not appealed decertification right of that when was it decertified relative to the after the statement was made right it was decertified after the statement was made but the district court understood plaintiff's counsel's statement assurance but the district court then went on to make legal rulings which is that they had to meet the class actions um requirements and that they had to meet that manageability requirement right uh well that's uh your honor first the district court found that under rule 26 they couldn't bring them so i think that is the cornerstone of the district court's ruling it also held that the claims uh were not um were not were not manageable but again this is the the flaw that it that pervades all of the paga issues is the rule 26 problem and then the fact that um we do believe that it was not manageable there were wide disparities in wait times and no evidence that across the board every single member of this class suffered a violation and that's why it was decertified plaintiffs have not appealed that so it really would uh be inconsistent for a paga claim to go go forward where there's no way of determining whether there's liability in all of those pay periods i can also address the um the pre-judgment interest issue if if the court would i would like that you may go over your time a little on that thank you um so here plaintiffs um again the district court did not abuse its discretion by uh rejecting plaintiffs third attempt to seek uh pre-judgment interest through rule 59e in this court's decision in kona enterprises of course we know that rule 59e is not for arguments that could have been raised earlier and here this was their third bite at the apple so they first thought 10 percent under the breach of contract uh claim in a request for pre-judgment interest after trial the court uh rejected that then they they submitted another file seeking seven percent under the ucl they never mentioned section 32 87 at all earlier and so really here it was not an abuse of discretion for the court to say well look you had two bites at the apple you never raised this provision until now and this is not a vehicle for arguments that could have been raised earlier it's to be used sparingly it's a form of reconsideration and it should be limited and so here um there is also no dispute i would argue that uh rule 32 87 doesn't apply because of course damages were an issue that was some certain it's not a a case where there was a clear sum so i'm not i don't understand that point you mean but the jury came up with some certain uh they did but where an issue has to be tried to the jury your honor um there is uh under california law in duale versus mercedes-benz for example 32 87 applies where there is no dispute between the parties on the computation of damages here evidence had to be presented to the jury cross-examined and uh there was a dispute a trial over the amount so it would not be capable of being readily ascertained so for that reason uh we believe that that provision doesn't even apply but more importantly go back to paga for a on the judicial estoppel that you're claiming i think not uh your honor the the rulings were um in the pre-trial conference and i uh not with regard to the way he did as to this particular uh um claim that they're now trying to to bring the pocket penalties on that wasn't the reason that he denied i i don't recall your honor if that's in his reasoning um i will check it my understanding is not in there you're bringing it up you are good to him but he didn't rely on okay you're a you need to unmute you're muted thank you your honor um to address some of the issues uh in basically order the you are i'd ask whether um the basic representation of the record with regard to the um times are accurate that is that there was a grace period that there um that they um and that for the i don't know should say the majority but for many of the plaintiffs there was very little time zero time um spent um on the security uh to respond to that your honor that's a new argument brought up by the defendant the appellant in their fourth in the fourth brief before the court for that reason it should be disregarded secondarily the employee at the at the er um at 139 the appellant filed a motion in limine to exclude evidence of how long it takes to go through a security check and now on appeal they want to talk about how long it takes to go through a security check which is a very fact and that i was specifically instructed not to be able to introduce to the jury at trial so i think it's unreasonable to now go into that fact that was by the by the the judge is very emphatically told you not to do that at at and i i was um and i i the plaintiffs listened to the court on that based upon that so secondarily rodriguez very nike seconds matter seconds matter 0.0 was disputed there was facts as to how the security check went the defendant had the opportunity to show they're walking through security check takes no time and that was impeached at trial the case of am and question for the jury essentially it was argued to the jury not expressly because we couldn't say it took x amount of seconds but the jury was able to see how quickly some people went through that the defendant shows and how the process worked which was the same process for everybody the effect on any particular day might be longer or shorter depending how they dress if somebody dresses in a one piece that is different but that's not the issue that was certified and i'm over my time but if i could um in the brinker case the law is very clear it's did the employer provide the meal that's it that is the standard then there are other elements to that the case was certified on that standard did the employer provide the meal and the common issue that was predominant was the process to leave the facility was subject to this interference by the defendant they didn't provide the meal because of their system that they set up i think it's similar to us and the defendants want a actual prevent standard because if you look at a subjective standard in actuality it has to be an actual prevent they claim that when you leave that means you weren't prevented and that's somehow relevant but if similar to like a cigarette tax if the state imposes a tax on cigarettes and someone continues to smoke that doesn't mean he wasn't discouraged or impeded from smoking just means he decides to pay the tax and buy the if ucla scores a touchdown on usc it doesn't mean they weren't impeded or discouraged from scoring a touchdown it just means that they were able to succeed despite that you don't look at the that's the standards that are asked they're asking for actual prevention interestingly in the facts of this case a hundred percent violation in terms of manageability it's not terribly difficult to add up the numbers when you just multiply it by 1.0 because that's the amount of violation in terms of the five-minute grace that's disputed that was disputed at trial it was a 30-minute meal break that was the policy that was the policy at trial and that was the evidence we provided the defendant had their argument about this grace period and what it means but the evidence was disputed that it was it was a 30-minute meal break and that's what the policy was your time is there anything else you're really anxious to tell us in terms of the structural feature the defendant created a sexual feature it is not it is not it is not yeah all right thank you very much um thank you for your time um thank both of you for helpful arguments in a complicated case all Hamilton versus Walmart stores is submitted and we are in recess for the day and adjourned for the week thank you thank you your honor this part for this session stands adjourned
judges: Berzon, Bybee, Cardone